IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY PHIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-748-RAH |
| | ) |
| JACK W. DANIELS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Pro se Plaintiff Roy Phifer filed this action on September 19, 2025, against Defendants Jack W. Daniels and Charles W. Edmondson seeking to enjoin them from foreclosing on real property located at 4200 Endover Drive S. (Endover property). Phifer alleges the Endover property is part of the bankruptcy estate in his Chapter 13 bankruptcy case and, thus, subject to the automatic stay under 11 U.S.C. § 362. (Doc. 1.) In the Complaint, Phifer requested a preliminary injunction and temporary restraining order. (Docs. 1, 7.) Defendants moved to dismiss and moved for sanctions pursuant to Rule 11. (Doc. 11.) On November 24, 2025, the Magistrate Judge recommended that Phifer's motion for temporary and preliminary injunctive relief be denied. (Doc. 18.) And on December 2, 2025, the Magistrate Judge also recommended that Defendants' motion to dismiss be granted and their motion for sanctions be denied. (Doc. 19.) Phifer filed several objections to the Recommendations. (Doc. 22.) Defendants did not respond.

After carefully reviewing the record, the Recommendations of the Magistrate Judge, and Phifer's objections, the Court concludes that Phifer's objections are due to be overruled, the Recommendations of the Magistrate Judge are due to be adopted,

and Phifer's Complaint is due to be dismissed without prejudice.

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's report and recommendation must be sufficiently specific to warrant de novo review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a report and recommendation is reviewed for clear error. *Id.*

Phifer raises several objections to the Magistrate Judge's Recommendations. First, he argues that the Magistrate Judge erred in denying preliminary injunctive relief. (Doc. 22 at 1–2.) Second, he argues that the Magistrate Judge should have taken judicial notice of the CARES Act. (*Id.* at 1.) Last, he requests leave to amend the Complaint to add claims under the CARES Act. (*Id.* at 3.) None of his objections have merit.

As to his first objection, Phifer argues the Magistrate Judge erred in finding that he was unlikely to succeed on the merits because the Endover property was property of the bankruptcy estate protected by the CARES Act and the automatic stay. He essentially seeks to relitigate the Bankruptcy Court's earlier finding in Phifer's Chapter 13 case that the Endover property was not property of the bankruptcy estate. (Doc. 19 at 5.) After reviewing the parties' filings and holding a hearing, the Bankruptcy Court determined that Phifer's company—RDL Enterprises, Inc.—owned the Endover property, not Phifer. (Doc. 18 at 3.) Nevertheless, Phifer seeks to enforce the automatic stay in this proceeding to prevent

2

Defendants from foreclosing on the Endover property.

The Court agrees with the Magistrate Judge's conclusion that Phifer is unlikely to succeed on the merits because res judicata bars Phifer's claims. Res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).[1] For res judicata to bar a subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting *id.*).

All four elements are present in this case. First, the Bankruptcy Court's order finding that the automatic stay did not apply to the Endover property was a final, appealable order. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 47 (2020). Second, the Bankruptcy Court had proper jurisdiction to determine the scope of the automatic stay. 28 U.S.C. § 1334(e)(1). Third, in both actions, Phifer sought to enjoin the Defendants from foreclosing on the Endover property. (Doc. 1 at 2–3.)

Last, both proceedings involve the same cause of action. "[T]wo cases are generally considered to involve the same cause of action if the latter case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate,' as the former one." *Maldonado*, 664 F.3d at 1375 (quoting *Ragsdale*, 193 F.3d at 1239). "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998) (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir. 1992)). Both proceedings involve the same cause of action because they

---

[1] Because the prior judgment was issued by a federal bankruptcy court, federal preclusion principles apply, not state ones. *See In re Harris*, 3 F.4th 1339, 1344 (11th Cir. 2021).

arise out of the same nucleus of operative fact: whether and to what extent Phifer owns the Endover property. Each of Phifer's arguments for relief in this matter hinges on his ownership of the Endover property, and all of the legal theories he relies on were presented or could have been presented to the Bankruptcy Court. *See Maldonado*, 664 F.3d at 1377. Thus, the present action constitutes the same cause of action as the bankruptcy action. As such, res judicata bars Phifer from relitigating it, and thus his claims for injunctive relief are due to be dismissed.

As to his second objection, Phifer contends the Magistrate Judge should have taken judicial notice of the CARES Act because the Act allowed him to extend his Chapter 13 plan up to 84 months. (Doc. 22 at 1.) But whether the CARES Act would allow Phifer to extend his Chapter 13 plan is immaterial to his request to enjoin the Defendants from violating the automatic stay. The automatic stay would apply to the foreclosure proceedings only if the Endover property were property of the bankruptcy estate. 11 U.S.C. § 362. And the Bankruptcy Court separately determined that the Endover property was *not* property of the bankruptcy estate.

Lastly, to the extent that Phifer requests leave to amend the complaint, the request is due to be denied. A motion for leave to amend a complaint must "set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (quoting *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)) (internal quotation marks omitted). Moreover, the Eleventh Circuit has held that when "a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). And under the local rules of the Middle District of Alabama, a copy of the proposed amended complaint must be attached to the motion for leave. M.D. Ala. LR 15.1. Phifer did not properly file a motion for leave to amend the complaint nor did he set forth the substance of the

4

proposed amendment. Consequently, his request is due to be denied.

Additionally, even if Phifer complied with the procedural requirements, his request for leave to amend the complaint to add claims under the CARES Act is due to be denied because it would be futile. A proposed amendment may be denied for futility "when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Phifer's desire to add unspecified claims under the CARES Act would be futile because the CARES Act does not contain a private right of action for the relief he seeks[2] and its application to Chapter 13 bankruptcy proceedings has expired. Among other things, the CARES Act amended Chapter 13 of the bankruptcy code to exclude certain coronavirus-related payments from the calculation of disposable income. 11 U.S.C. § 1325(b)(2) (2020). It also allowed individuals with pending Chapter 13 cases to seek payment plan modifications if they are experiencing a hardship due to the coronavirus pandemic. 11 U.S.C. § 1329(d)(1) (2020). The CARES Act amendments to the bankruptcy code expired in 2022, and have not been reauthorized. *In re Gilbert*, 652 B.R. 817, 821 n.3 (Bankr. M.D. Fla. 2023). Thus, Phifer failed to identify a provision

---

[2] Courts have generally held that the CARES Act did not create private rights of action. *See, e.g.*, *Wolf v. Cigna Health & Life Ins. Co.*, 733 F. Supp. 3d 1278, 1282 (S.D. Fla. 2024) (holding that CARES Act does not create private right of action to enforce violations of the Act's provider-reimbursement requirement); *Saloojas, Inc. v. Aetna Health of Ca., Inc.*, 80 F.4th 1011, 1016 (9th Cir. 2023) (same); *Carr v. Kabbage, Inc.*, No. 1:22-cv-1249-VMC, 2023 WL 3150084, at *4 (N.D. Ga. Mar. 31, 2023) (holding that CARES Act does not create private right of action for PPP loan applicants to bring civil suits against PPP lenders); *Murphy Med. Assocs., LLC v. Centene Corp.*, No. 22-CV-504-VLB, 2023 WL 2384143, at *6 (D. Conn. Mar. 6, 2023) ("Virtually every district court that addressed whether the FFCRA and CARES Act provides a private right of action in cases such as this—where a health care provider sues an insurer for violating these provisions by failing to pay claims for COVID-19 testing and related services— have all concluded that the Acts do not provide a private right of action." (citations omitted)); *Arsensis v. Blue Foundry Bancorp*, No. 24-08978, 2025 WL 383750, at *10 (D.N.J. Feb. 4, 2025) (holding that CARES Act does not create private right of action for individuals for mortgage relief).

of the CARES Act that would entitle him to the relief he seeks. Any amendment would be futile.

Upon an independent review of the record, it is **ORDERED** as follows:

1. The Objections (doc. 22) are **OVERRULED**;
2. The Recommendations of the Magistrate Judge (docs. 18, 19) are **ADOPTED**;
3. The Plaintiff's motions for temporary and preliminary injunctive relief (docs. 1, 7) are **DENIED**;
4. The Defendants' Motion to Dismiss (doc. 11) is **GRANTED**;
5. The Defendants' Motion for Sanctions (doc. 11) is **DENIED**; and
6. This case is **DISMISSED** without prejudice.

**DONE**, on this the 5th day of January 2026.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE